FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAR 0 7 2006
MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) Cr. No. 05-1378 JC
)
ROSE MORRIS, )
)
Defendant. )
)

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, ROSE MORRIS, and the Defendant's counsel, ROGER FINZEL, ESQUIRE:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and



c.  at a trial:

   1) to confront and cross-examine adverse witnesses,

   2) to be protected from compelled self-incrimination,

   3) to testify and present evidence on the Defendant's own behalf, and

   4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Counts 2 and 8 of Indictment No. 05-1378 JC. Counts 2 and 8 charge the Defendant with Misrepresentation of Indian produced goods and products, in violation of 18 U.S.C. § 1159.

## SENTENCING

4. The Defendant understands that the maximum penalty the Court can impose for these two violations of 18 U.S.C. § 1159 is:

   a.  In the case of the Defendant's first violation of the statute:

   1) a term of imprisonment of not more than 5 (five) years;

   2) a fine not to exceed $250,000.00;

   3) a term of supervised release of not more than 3 (three) years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be

returned to another period of incarceration and a new term of supervised release.);

4)     a mandatory special penalty assessment of $100.00; and

5)     restitution as may be ordered by the Court pursuant to law, 18 U.S.C. § 3663A, and paragraph 7 of this agreement.

b. In the case of the Defendant's second violation of the statute:

1)     a term of imprisonment of not more than 15 (fifteen) years;

2)     a fine not to exceed $1,000,000.00;

3)     a term of supervised release of not more than 3 (three) years that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

4)     a mandatory special penalty assessment of $100.00; and

5)     restitution as may be ordered by the Court pursuant to law, 18 U.S.C. § 3663A, and paragraph 7 of this agreement.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The United States reserves the right to make known to the United States Probation Office, for inclusion in the presentence report to be prepared under Rule 32, Fed. R. Crim. P., any information the United States believes may be helpful to the Court,

including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

7. The Defendant agrees and acknowledges that the Court is not limited to ordering restitution only to the amount of the particular offenses to which the Defendant is entering a plea of guilty, but may order restitution to include all amounts resulting from all of the defendant's criminal conduct related to this case. That is, the Defendant agrees that the Court may order the Defendant to pay restitution to all victims to whom the Defendant sold goods, knowingly and falsely suggesting that those goods were Indian produced, an Indian product, or the product of a particular Indian or Indian tribe.

## DEFENDANT'S ADMISSION OF FACTS

8. The Defendant admits to the following facts:

a. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt to all of the charges to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

1) I am a Native American, and a member of the Navajo tribe. My family and I live in Arizona. For about two years prior to my arrest, I sold rugs

~~and other goods~~ to many individuals in New Mexico and Arizona by falsely and fraudulently suggesting and representing that the rugs ~~and other goods~~ were Indian produced, or the products of a particular Indian or Indian tribe, when I knew that the items I was selling were not Indian produced, or the products of a particular Indian or Indian tribe. I picked up the rugs I sold wherever I could find them, including at flea markets and a truck stop. I knew that the rugs I was selling were not produced by Indians in the United States because the rugs I bought often had labels on them that said "Made in Mexico" or "Made in India," or had labels from the El Paso Saddleblanket Company in El Paso, Texas.

2) With respect to Count 2 of the indictment, on March 9, 2004, I was at the To'hajiilee Community School located on the Navajo Indian Reservation in New Mexico to sell rugs. I sold several rugs that day, including two rugs to an individual named Heather Fisher. That day, I also sold rugs to two of Ms. Fisher's companions who were with her at the To'hajiilee Community School. I lied to each of these individuals and falsely told them that the rugs I sold them that day were produced by Navajo Indians in the United States when I knew that they were not Indian produced. I told Ms. Fisher that one of the two rugs I sold her was woven by my sister-in-law, Elsie Begay, and that the other rug that I sold her was woven by my sister, Ella Nez. Those statements were false. I charged Ms. Fisher $600 for the two rugs that I sold her that day.

5

3) With respect to Count 8 of the indictment, on the evening of November 8, 2004, I met Ms. Fisher at a parking lot outside a Chili's restaurant near Coors Boulevard in Albuquerque for the purpose of selling Ms. Fisher more rugs. Ms. Fisher had a companion with her who introduced himself as "Travis." "Travis" told me that he was interested in purchasing Navajo rugs. I showed Ms. Fisher and "Travis" seven different rugs that I had for sale that day. I again lied to Ms. Fisher and "Travis" by falsely telling them that the rugs I had for sale were hand-woven Navajo rugs made by my friends and family members, when I knew that the rugs were not Navajo rugs. I ultimately sold Ms. Fisher and "Travis" two rugs that day. One of the rugs I sold was approximately 2 feet by 3 feet in size. I lied to Ms. Fisher and "Travis" and told them that my 13-year-old niece, "Sheilah Begay," had taken nearly a year to weave the rug. I sold the rug to Ms. Fisher and Travis for $150. In fact, I simply made up the name of "Sheilah Begay." I do not have a niece by that name. The second rug that I sold to Ms. Fisher and "Travis" on November 8, 2004 was approximately 2 and ½ feet by 5 and ½ feet in size. They paid me $175 for this rug. I falsely told Ms. Fisher and "Travis" that my mother, Mabel, had woven this rug. Some months later I learned that "Travis" was actually an FBI special agent.

9. By signing this agreement, I admit all the foregoing facts and admit that there is a factual basis for each element of the crimes to which I am pleading guilty. I

agree that the Court may rely on any of these facts, as well as any undisputed facts in the presentence report, to determine my sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. To assist the Court in determining the advisory sentencing guideline range, the United States and the Defendant stipulate as follows:

    a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1, so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to the maximum reduction from her base offense level as calculated under the sentencing guidelines. This reduction depends on the Defendant personally providing to the United States Probation Officer who prepares the presentence report in this case an appropriate written statement in which the Defendant clearly establishes the Defendant's entitlement to this reduction. Further, the United States is free to withdraw this stipulation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing.

    b. The United States stipulates and agrees that the Defendant should be sentenced at the lowest end of the Defendant's sentencing guideline range after the Court

has reviewed the presentence report and made its final determination as to the Defendant's sentencing offense level. Nothing about this provision shall limit the United States from arguing for or against any particular guideline adjustment.

   c.   The Defendant agrees to pay full restitution to all the victims of her crimes related to this case. That is, as stated above, the Defendant agrees that the Court may order her to pay restitution to all victims to whom the Defendant sold goods, knowingly and falsely suggesting that those goods were Indian produced, an Indian product, or the product of a particular Indian or Indian tribe.

   d.   The parties are free to argue either for, or against, the application of any further adjustments to the advisory guideline sentences that are otherwise not addressed by way of stipulation herein. Both parties are also free to argue either for, or against, any departures from the advisory guidelines sentences.

11.   The Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to deviate from the advisory guideline sentence. The Defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court deviates from the advisory guideline range, the Defendant will not seek to withdraw the plea of guilty. In other words, regardless of any

8

stipulations the parties may enter into, insofar as is otherwise permitted by law, the Defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

12. The Defendant understands the Defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## GOVERNMENT'S AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that the United States will not bring additional criminal charges against the Defendant arising out of the Defendant's conduct now known to the United States Attorney's Office for the District of New Mexico, and after sentencing, will move to dismiss the remaining charges in Indictment No. 05-1378 JC. The Defendant understands that this agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no representations or promises

9

from anyone as to what sentence the Court will impose. The Defendant represents that the Defendant is pleading guilty because the Defendant is in fact guilty, and for no other reason.

## VIOLATION OF PLEA AGREEMENT

16. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

17. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

18. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 7th day of March, 2006.

DAVID C. IGLESIAS
United States Attorney

FRED J. FEDERICI
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

ROGER FINZEL, ESQUIRE
Attorney for Defendant

I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it.

ROSE MORRIS
Defendant