IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        05cr1378 JC

ROSE MORRIS,

        Defendant.

## DEFENDANT'S RESPONSE TO GOVERNMENT'S EXPANDED CLAIM FOR RESTITUTION

COMES NOW counsel for the defendant, Rose Morris, Assistant Federal Public Defender Roger A. Finzel, and pursuant to a victim loss amount claimed by the government provides the following answer and objections to the United States' claim for restitution.

1. Pursuant to a letter of April 13, 2007, the United States has now come up with a total amount of restitution of $49,500.00. Counsel on behalf of the defendant disputes that amount. Ms. Morris sold both rugs made by Navajo people in the United States and rugs made by Indian people in the country of India. She also sold American Indian jewelry along with the rugs. Some of the people on this list bought Indian rugs made by Navajos in the United States as well as Indian jewelry made by American Indian people in the United States. Some also bought rugs made in India.

2. On information and belief, the government has sent out inquiries to everyone whom they could identify from checks of Ms. Morris asking how much money they spent buying rugs and jewelry from Ms. Morris. That does not mean that these people spent that

for items which were not as advertised. It merely means that is how much they spent. If the United States seeks restitution for these amounts, the United States should be required to: (1) provide the rugs in each case so that it can be determined first of all if Ms. Morris actually sold rugs made by Navajo American Indians or rugs made by Indians in India. In addition, a breakout will have to be determined of the amount of money, not in total that was spent, but that was spent for rugs only and not for genuine American Indian made jewelry.

3. For example, Katherine Reed is listed as a person who bought items worth $23,000 from Ms. Morris. Katherine Reed was one of Ms. Morris's regular buyers. That means that Ms. Morris sold her genuine, handmade American Indian jewelry and also some genuine, handmade American Indian Navajo rugs. She may have sold her some India Indian rugs, but has no idea how many she may have sold her. The bulk of the merchandise to Ms. Reed was genuine and no restitution should be due.

4. Counsel objects to the manner and method by which this information was obtained. In every case the financial impact statement sent out to the people who gave her checks states that "Defendant Morris has pled guilty to defrauding individuals by selling them rugs which she falsely represented were authentic Native American product when in fact the rugs were not Native American. If you purchased such a rug or rugs, please itemize your purchases below." This misrepresents the facts of the case. Therefore, the government has obtained information from every person who bought a rug. Ms. Morris has stated all along that she sold both genuine Native American Navajo rugs and rugs made in India. Without such differentiation, she cannot be held accountable for all of the rugs that she sold.

For example, there are payments by an Elizabeth Bower and Paul Loy for $1500 and $450 and $450. Those amounts of money would be an indication that the rugs they bought were genuine Navajo rugs. Most of the rugs that Ms. Morris sold that were made in India, were in the $150 to $250 range. Therefore, merely telling people that the rugs are false does not make them so. It is misleading and therefore the request for restitution is unsupported by facts.

5. Another example is that of Deborah Hight. Her note indicates that she has looked at the book that Ms. Morris ordered from and would have been happy to pay the real price, but she inflated the price 200%. This seems to imply that Ms. Hight knew that she was buying rugs that were not Navajo made. Her complaint was that the price was inflated too much. Ms. Morris never bought these rugs from the catalog. She bought them from dealers at flea markets and elsewhere. She did not know about the wholesale catalog, never saw the wholesale catalog and did not buy her rugs at wholesale. She paid retail. The fact that the price Ms. Morris charged was higher than Ms. Hight could have bought them for herself directly does not mean that she was defrauded, only that she paid too much.

6. On another date, there are two rugs for $1450 and one rug for $600 that were sold to a John Kittridge, M.D. Based on the price, it can be presumed that those rugs were genuine Navajo American Indian made rugs. If there is information otherwise, it has not been provided to counsel.

7. Another example is an Adam Miller who bought a rug for $700 and $450. There does not seem to be any documentation that these rugs have been examined and

determined to be fraudulent. The price would suggest that they are genuine Navajo American Indian made rugs.

8. A Marta Peterson bought rugs that ranged in price from $200 to $550 to $900. Certainly, the $200 rug could be assumed to have been a rug made in the country of India. However, the other purchases, if they were for a single rug would suggest that they were genuine rugs or they were for jewelry.

9. The government has provided interviews or records or evaluations of some of the lesser quality and least expensive rugs that were alleged to have been sold by Ms. Morris. They have not provided that in every case, especially not in the cases of the most expensive rugs. Therefore, the government has not established that the total amount of restitution should be this amount.

10. Ms. Morris has been making and will continue to make every effort to reimburse for the frauds that she committed. In each case, however, she should be allowed to recover the rugs for which she is making restitution. Ms. Morris wishes to continue to sell genuine Native American Navajo rugs and will try to do that. However, this information about her frauds has essentially prevented her from doing so. Also, if she is going to make restitution for rugs made in India, she should receive them back in hopes that she can sell them for what they are. That is, rugs made in the country of India in order to make restitution to the people to whom she sold them. In any event, Ms. Morris will continue to make restitution for as long as is necessary to make every person who was actually defrauded

whole. To date, Ms. Morris has made restitution of over a third of the original amount claimed by the government.

Respectfully submitted,

I hereby certify that on November 5, 2007, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:
AUSA Fred Federici

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

Electronically Filed

    [Electronically filed]
Roger A. Finzel
Attorney for Defendant